Manuel FLORA;  Mark Edison
Flora;  Josie Madronio
Flora, Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

Nos. 02–73886.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided June 7, 2004.

Jamesner A. Dumlao, Damon Key
Leong Kupchak Hastert, Honolulu, HI, for
Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Manuel Flora, Josie Madronio Flora and Mark Edison Flora petition for review of an Immigration Judge's determination that they are removable because they were paroled into the United States, their parole status has terminated, and they do not meet asylum requirements. We review the Immigration Judge's decision because the Board of Immigration Appeals affirmed without opinion. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003).

We take testimony by the Floras as true because the Immigration Judge found them credible. *Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1251 (9th Cir.2004). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We affirm the order of removal. We stay the mandate, however, so the Floras may move the Board of Immigration Appeals to reopen proceedings to consider adjustment of status in light of new developments regarding their I–130 petitions.

## I

■ Ample evidence supports the Immigration Judge's finding that the Floras were paroled into the United States rather than admitted as refugees as they claim. The evidence includes the Floras' 1986 parole authorization forms; a series of I–94 arrival-departure cards documenting yearly extensions of parole; and repeated statements by the Floras over the years that they were paroled into the United States.

The record does not compel a conclusion contrary to the Immigration Judge's finding that the Floras were parolees rather than refugees.

## II

■ The Floras do not make the required showing for estoppel against the United States from treating them as parolees. The first requirement for estoppel against the government, affirmative misconduct, is lacking. "Neither the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation constitute affirmative misconduct." *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir.2000). The Floras' testimony merely established that immigration officers did not explain to them what their status as parolees signified.

## III

■ Substantial evidence supports the Immigration Judge's finding that the Floras lack an objective basis for their fear of persecution. The evidence includes the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fact, acknowledged by Manuel Flora, that even former President Marcos's wife Imelda Marcos has returned to the Philippines without harm; a State Department Profile reporting that former Marcos supporters have returned to the Philippines "without difficulty" and "[a]vailable evidence" does not support claims that former Marcos supporters are threatened because of their support for the Marcos regime; and Josie Flora's testimony that the president of the Philippines at the time of the hearing, Joseph Ejercito Estrada, was a "close supporter of Marcos" and her family did not "have to be scared of his government". The record does not compel a contrary conclusion from the Immigration Judge's determination that the Floras are ineligible for asylum and withholding of removal.

## IV

■ Congress has stripped this court of jurisdiction to review denials of voluntary departure, "including statutory eligibility for voluntary departure." *Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004) (citing 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i)(2004)). Because Congress has eliminated jurisdiction over all denials of voluntary departure, whether discretionary or not, we have found ourselves jurisdictionally precluded from considering an appeal though the Board's denial of voluntary departure was "in apparent violation of its own precedent decisions." *Alvarez Santos v. I.N.S.*, 332 F.3d 1245, 1255 & n. 6 (9th Cir.2003).

We lack jurisdiction to review the Floras' argument that the Immigration Judge erred in ruling that they are ineligible for voluntary departure because they are arriving aliens.

## V

■ Agency streamlining did not violate the Floras' due process rights. *Falcon* *Carriche v. Ashcroft*, 350 F.3d 845, 848, 851 (9th Cir.2003). As far as we have jurisdiction to review, *see id.* at 854 & n. 8, the regulatory criteria for streamlining in force when the Floras appealed to the Board and when the Board affirmed were met.

## VI

■ We do not have jurisdiction to consider the Floras' request to adjust status based on new developments regarding their I–130 petitions. *See Ortiz v. I.N.S.*, 179 F.3d 1148, 1152 (9th Cir.1999). The Floras must move the Board to reopen proceedings so that they may seek adjustment of status based on the disposition of their I–130 petitions, not ask this court to compel the Board to reopen. *See id.*

## VII

The petition for review is DENIED. We stay the mandate for ninety days to give the Floras an opportunity to move the Board to reopen their case. *See id.* at 1153. The Floras may ask the Department of Homeland Security to join in the motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(iii). If the Floras file a motion to reopen with the Board within ninety days of the filing of this memorandum disposition, the stay will continue until the Board disposes of the motion. If no motion to reopen is made with the Board, the petition for review will be denied for the reasons stated herein, and the mandate will be filed. Counsel for the parties are to file status reports ninety days from the date of this disposition, and every ninety days thereafter, if the mandate has not been filed.